CHARLES H. BALDWIN, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* JAMES H. LENAHAN, Defendant.

Supreme Court, Special Term, Albany County, January 25, 1935.

*Henry S. Manley* [*Robert G. Blabey* of counsel], for the plaintiff.

*W. G. Shankenbery*, for the defendant.

SCHENCK, J. Plaintiff, as Commissioner of Agriculture and Markets, moves for a temporary injunction pending the trial of the action to permanently restrain defendant from peddling milk without the license required by article 21 of the Agriculture and Markets Law, known as the Milk Control Law (Laws of 1934, chap. 126). There seems to be no dispute as to the facts. The defendant is distributing and selling milk without such license. The provision of the Milk Control Law, which provides for the licensing of milk dealers, reads: " No milk dealer shall buy milk from producers or others or sell or distribute milk unless such dealer be duly licensed as provided in this article. It shall be unlawful for a milk dealer to buy milk from or sell milk to a milk dealer who is unlicensed, or in any way deal in or handle milk which he has reason to believe has previously been dealt in or handled in violation of the provisions of this chapter " (§ 257).

Defendant interposes a defense claiming that he is an honorably-discharged soldier, and on August 31, 1934, was granted a license to hawk, peddle, vend and sell goods, wares and merchandise and to solicit trade on the streets and highways within the State. The authority for the issuance of such veteran's license is found in section 32 of the General Business Law. It is the defendant's contention that by reason of the fact that he holds such veteran's license, he is not obliged to procure the license required by the Milk Control Law.

Clearly, the Legislature comprehended a complete control of the dairy industry in this State when it promulgated the Milk Control Law. It fixed prices to be paid to the producer and prices to be charged to the consumer and set up the machinery to regulate this important industry and to prevent a ruinous competition. That the act is constitutional has been settled by the Supreme Court of the United States and by the Court of Appeals. (*Nebbia* v. *New York*, 291 U. S. 502; *People* v. *Nebbia*, 262 N. Y. 259.)

The *Nebbia* case held that the State may take reasonable means to protect the milk industry from unfair competition. To allow milk to be sold and distributed by individuals as a class holding licenses which may be issued to honorably-discharged soldiers and sailors by the clerk of any county upon application and without fee, would necessarily bring about a condition destructive to the dairy industry.

It must be presumed that when the Legislature enacted the 1934 statute it intended that the Milk Control Board should have complete supervision over the industry. By section 258-c of the Milk Control Law it is provided that no license shall be granted to a person not now engaged in business as a milk dealer for the continuation of a now existing business, unless the Commissioner is satisfied that the applicant is qualified by character, experience, financial responsibility and equipment to properly conduct a milk business. If a veteran's permit is all that is required for an individual to enter the milk business, then section 258-c of the Milk Control Law is without force or effect. There is more to the industry than the mere peddling of milk. By reason of its great importance, the milk industry has been the subject of official concern for many years. A demand for relief and regulation caused the Legislature to make an investigation of the entire industry and one of the principal causes attributing to the conditions found by the committee was " the prevalence of unfair and destructive trade practices in the distribution of milk leading to a demoralization of prices."

It seems to me that it must have been the clear intent of the Legislature to give to the Milk Control Board supervision over *all* persons producing or selling milk within this State, and to hold that licenses may be issued to any honorably-discharged soldier or sailor without restriction as to the number, allowing each to conduct a milk route, would render the provisions of the Milk Control Law mere surplusage.

The application for a temporary injunction pending the trial of this action will be granted and order may be entered accordingly. No costs.